UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM GIBSON,

    Plaintiff,

v.

JOE ADEN, DAVE FAGER, BOB PORTER, DORIS QUICK, DONNIE SMITH, JASON TUBBS, and the VILLAGE OF EAST CAPE GIRARDEAU, ILLINOIS,

    Defendants.

Case No. 16-cv-1310-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 10). Plaintiff William Gibson has responded to the motion (Doc. 17).

**I.    Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

**II.     Facts Alleged**

Gibson worked as a police officer for the Village of East Cape Girardeau, Illinois, ("Village") beginning in October 2013. In the summer of 2014, while a police officer, Gibson filed a complaint with the Illinois Attorney Registration and Disciplinary Commission of the Illinois Supreme Court ("ARDC") charging that two attorneys who represented the Village engaged in a conflict of interest because they drafted a liquor control ordinance for the Village while simultaneously representing clients who would be seeking liquor control licenses. Later, Gibson filed two more ARDC complaints charging that another attorney who represented the Village, Matthew Farrell, had a conflict of interest when he represented suspects arrested by Gibson while also doing work for the Village.

Defendants Dave Fager, Bob Porter, Doris Quick, Donnie Smith and Jason Tubbs were on the Village's Board of Trustees, and defendant Joe Aden was the Village Mayor. At a Board meeting on July 14, 2015, Aden reported that Gibson had filed the ARDC complaint against Farrell. In the course of the meeting, Tubbs moved to terminate Gibson's employment, and the Trustees approved the motion. Gibson believes he was terminated in retaliation for his complaint to the ARDC about Farrell.

In December 2016, Gibson filed this lawsuit. In the Complaint, Gibson asserts a claim under 42 U.S.C. § 1983 against the individual defendants for violating his First Amendment rights by retaliating against him for engaging in constitutionally protected speech (Count 1). He

also asserts a claim against the Village under the Illinois Whistleblower Act, 740 ILCS 174/1 (Count 2).

In their motion to dismiss, the defendants ask the Court to dismiss Aden since he was not personally involved in moving to terminate Gibson or in voting on the motion. They also ask the Court to dismiss the individual defendants from Count 2 because there is no individual liability under the Whistleblower Act, only employer liability, and because they are entitled to immunity under the Illinois Tort Immunity Act, 745 ILCS 10/2-201. They also ask the Court to dismiss the individual defendants from Count 1 in their official capacities as redundant of Gibson's claim against the Village. And finally, they argue the claim for damages under the Illinois Whistleblower Act is barred by the one-year statute of limitations in 745 ILCS 10/8-101, although the claim for injunctive relief may not be.

In response, Gibson contends he has sufficiently pled Aden's involvement in the decision to terminate him to keep him in Count 1 and offers other allegations that he could plead to show Aden's personal involvement. He also argues that the individual defendants should be kept in Count 1 in their official capacities for the purpose of providing equitable relief in the form of reinstatement. With respect to Count 2, Gibson points out that he has not sued the individual defendants under the Whistleblower Act so there is no need to dismiss them from that count, and he concedes that he has brought Count 2 beyond the statute of limitations to the extent it seeks money damages.

It appears that the parties agree that Count 2, to the extent it seeks money damages, should be dismissed with prejudice. Therefore, the Court need only address the parties' arguments regarding Count 1.

**III. Analysis**

    A.    <u>Failure to State Claim Against Aden</u>

Aden claims Gibson has not pled sufficient facts to show he was personally involved in the decision to terminate Gibson. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation. The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotations and citations omitted).

The Court has reviewed the Complaint and finds Gibson has not alleged sufficient facts to plausibly suggest Aden was personally involved in the termination decision. However, it appears he may be able to allege sufficient facts if given another opportunity. Accordingly, the Court will dismiss Count 1 without prejudice and with leave to amend to plead additional facts.

    B.    <u>Official Capacity Claims</u>

The individual defendants ask the Court to dismiss Count 1 against them in their official capacities because they are redundant of the claim against the Village. Gibson notes that it has not sued the Village in Count 1, so there is no redundancy. He further notes that he has sued the individuals in their official capacities for the purpose of effecting injunctive relief, which is permissible under § 1983.

While it is true that "[a] suit against a governmental officer in his official capacity is really a suit against the entity of which the officer is an agent," *Franklin v. Zaruba*, 150 F.3d 682, 684 n. 2 (7th Cir. 1998) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)), there is no redundancy in suing the individual defendants in their official capacities in Count 1 because the Village is not a defendant in Count 1.

However, since a municipality can be sued directly in a § 1983 action, the plaintiff should do so instead of suing individuals in their official capacities. "There is no longer a need to bring official-capacity actions against local government officials, for under *Monell* . . ., local government units can be sued directly for damages and injunctive or declaratory relief." *Graham*, 473 U.S. at 167 n. 14; *see Comer v. Housing Auth. of Gary, Ind.*, 615 F. Supp. 2d 785, 789-90 (N.D. Ind. 2009). For this reason, the Court will also dismiss Gibson's official capacity claims in Count 1 without prejudice and with leave to amend to add the Village as a defendant in Count 1.

## IV. Conclusion

For the foregoing reasons, the Court:

- **GRANTS** the defendants' motion to dismiss (Doc. 10);

- **DISMISSES** Count 1 against Aden in his individual capacity and against all of the individual defendants in their official capacities **without prejudice** and with leave to amend;

- **DISMISSES** Count 2 **with prejudice**, to the extent it seeks money damages;

- **ORDERS** that Gibson shall have up to and including June 2, 2017, to file an amended complaint consistent with this order; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

T IS SO ORDERED.
DATED:  May 10, 2017

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**